UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO. _____

JOHN AND ZULKEIRA
STEFCHACK,

    Plaintiffs,

v.

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL TO
THE UNITED STATES DISTRICT COURT**

    Defendant, GEOVERA SPECIALTY INSURANCE COMPANY ("GEOVERA"), a foreign corporation, by and through its undersigned counsel and pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, hereby files this Notice of Removal to remove the above- captioned civil action from the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. The above-captioned civil State Court action is styled as *John and Zulkeira Stefchack v. GeoVera Specialty Insurance Company*, Case No.: 2020-CA-005288-O (hereinafter "State Court Action"). The grounds for removal of the State Court Action to this Honorable Court are as follows:

    1.    Plaintiffs, JOHN AND ZULKEIRA STEFCHACK ("STEFCHACKS"), filed this breach-of-contract action against GEOVERA, arising out of a claim for property damages located at 8007 Cote Court, Orlando, Florida, 32826 ("the subject property"). *Complete copies*

*of the STEFCHACKS' Complaint, Civil Action Summons, and other documents served upon GEOVERA in the State Court Action are being filed with this Notice of Removal as* **Composite Exhibit "1"** *pursuant to 28 U.S.C. Section 1446(a).* To date, no order has been served upon GEOVERA in the State Court Action.

2. 28 U.S.C. Section 1332 permits removal of this action because: (a) complete diversity of citizenship exists between the parties; and (b) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. At all material times hereto, GEOVERA was and is a foreign (surplus lines insurance carrier) corporation, incorporated in Delaware, with its principal place of business in California. Therefore, GEOVERA is a citizen of Delaware and California. *See* **Exhibit "2"** *for a copy of the Affidavit of Joseph Belton II; see* **Exhibit "3"** *for a copy of the website printout from the Florida Office of Insurance Regulation, identifying GEOVERA as a surplus lines carrier.*

4. At all material times hereto, the STEFCHACKS reside in and are citizens of Orange County, Florida. *See* **Composite Exhibit "1:"** *Complaint, Paragraph 2; see* **Exhibit "2."**[1]

---

[1] This Honorable Court can take judicial notice of these Internet governmental public records "because they are matters of public record and 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" *Zurich Am. Ins. Co. v. Southern-Owners Ins. Co.*, 314 F. Supp. 3d 1284, 1300 (S.D. Fla., May 21, 2018)(quoting *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. Fla. 2010)). For purposes of diversity, "[c]itizenship is equivalent to 'domicile,'" i.e., SMITH's "true, fixed, and permanent home and principal establishment…to which [s]he has the intention of returning whenever [s]he is absent therefrom." *McCormick v. Aderholt*, 293 F. 3d 1254, 1257-1258 (11th Cir. 2002). Bankruptcy courts have recognized citizenship requirements via Florida's Constitutional Homestead Exemption. For instance, *Colwell v. Royal Int'l Trading Corp.* (*In re Colwell*), 226 B.R. 714, 719 (Bankr. S.D. Fla. 1998) stated as follows: "In Florida, a homestead is established when there is 'actual intent to live permanently in a place, coupled with actual use and occupancy'" (quoting *In re Brown*, 165. B.R. 512, 514 (Bankr. M.D. Fla. 1994). Additionally, "Florida's homestead

5.      GEOVERA insured the subject property, policy number GC90045558, which GEOVERA issued to the STEFCHACKS ("the Policy"). *See* **Composite Exhibit "1:"** *Complaint, Paragraph 5; see* **Exhibit "4"** *for a copy of the Policy.* The subject property is the location of the alleged damages at issue in this suit for which the STEFCHACKS seek benefits under the Policy. *See* **Composite Exhibit "1:"** *Complaint, Paragraphs 5 through 9.*[2]

6.      On February 3, 2020, GEOVERA notified the STEFCHACKS that the Policy would not respond to the STEFCHACKS' claim due to material misrepresentations in their application for insurance. GEOVERA notified the STEFCHACKS that the Policy would be rescinded. *See* **Exhibit "2."** On May 19, 2020, the STEFCHACKS' counsel filed their Complaint.

7.      Prior to filing suit, the STEFCHACKS provided GEOVERA with a Sworn Proof of Loss, dated December 28, 2019, that stated the amount of the claim totaled **$83,748.82**. *See* **Exhibit "2"**. Therefore, the disputed amount in controversy is in excess of $75,000. *See also Viacom, Inc. v. Zebe*, 882 F. Supp. 1063, 1064 (S.D. Fla. 1995) (quoting *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333 (1977)) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object in litigation."); *Village Square Condominium of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2009 WL 4755700 (M.D. Fla. December 10, 2009) (removal appropriate upon showing

---

law is based on public policy considerations, designed to promote the stability and welfare of the state by encouraging property ownership and independence on the part of the citizen." *Id.* at at 721. The Florida Supreme Court noted that the applicability of Florida's homestead exemption is for the "honest debtor," and a debtor is assumed honest until proven otherwise. *Slatcoff v. Dezen*, 76 So. 2d 792, 793 (Fla. 1954).

[2] According to the Warranty Deed and Orange County Property records, and the Policy issued to the Plaintiffs, the correct spelling of the Plaintiffs' name is Stefcha**k**

by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. Fla. 2000) ("When a statue authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. Fla. 2010) (a defendant may use "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations" to support its position for removal).

8. Furthermore, the STEFCHACKS filed their Complaint in Orange County Circuit Court on May 19, 2020 based on the location of the subject property. *See* **Composite Exhibit "1:"** *Complaint*. Therefore, venue is proper in this district and division pursuant to 28 U.S.C. Section 1441.

9. Finally, the STEFCHACKS filed their Complaint on May 19, 2020, therefore, pursuant to 28 U.S.C. Section 1446, GEOVERA has timely filed this Notice of Removal within thirty (30) days of GEOVERA's receipt of the initial pleading and/or receipt of other papers from which it could first be ascertained that the case is one which is removable as the amount in controversy exceeds $75,000.00.

10. A copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Court for the Ninth Judicial Circuit in and for Orange County, Florida.

WHEREFORE, Defendant, GEOVERA SPECIALTY INSURANCE COMPANY respectfully requests that the civil action that Plaintiffs, JOHN and ZULKEIRA STEFCHACK, filed in Orange County Circuit Court be removed to this Honorable Court, and that this Honorable Court accept jurisdiction of this action accordingly.

**Dated: June 19, 2020**

Respectfully submitted,

**SIMON, REED & SALAZAR, P.A.**
*Attorneys for Defendant*
*GeoVera Specialty Insurance Company*
1201 S. Orlando Avenue, Ste. 400
Winter Park, FL 32789
Tel.: (407) 901-9265
Fax: (407) 650-3384

By:  ***/s/Jennifer El Mekkaoui*** 
     DAVID R. TERRY, JR.
     Florida Bar No. 785091
     Primary e-mail: dterry@simonreedlaw.com
     JENNIFER EL MEKKAOUI
     Florida Bar No. 31882
     Primary e-mail: jelmekkaoui@simonreedlaw.com
     Secondary e-mail: hhale@simonreedlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically with the Clerk of Court using CM/ECF on this 19th day of June, 2020.

By: /s/*Jennifer El Mekkaoui*

## SERVICE LIST

**Ali Kadir, Esq.**
Kuhn Raslavich, P.A.
500 N. Maitland Ave., Suite 111
Maitland, FL 32751
ali@thekrfirm.com
ben@thekrfirm.com
service1@thekrfirm.com
service2@thekrfirm.com